IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KURT H.,[1]**,<br><br>   Plaintiff,<br><br> v.<br><br>**ANDREW M. SAUL,** Commissioner<br>of Social Security,<br><br>   Defendant. | Case No. 6:19-cv-1987-SI<br><br>**OPINION AND ORDER** |

Laurie B. Mapes, P.O. Box 1241, Scappoose, OR 97056. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Stephen Dmetruk, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

   Kurt H. (Plaintiff) seeks judicial review of the final decision of the Commissioner of the

Social Security Administration (Commissioner) denying his application for disability insurance

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

benefits (DIB). In response, the Commissioner conceded error and moved for an order remanding for further administrative proceedings. Plaintiff replied, arguing that the Court should remand this case for a finding of disability and the payment of benefits. For the reasons stated below, the Court REVERSES the Commissioner's finding that Plaintiff is not disabled and REMANDS for further proceedings consistent with this Opinion and Order.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB on February 24, 2015 alleging disability beginning April 7, 2009. AR 67-68. Plaintiff was born on June 18, 1950, and was 58 years old as of the alleged disability onset. AR 67. The Commissioner originally found that Plaintiff was disabled as of April 7, 2009. AR 80. After two doctors modified their opinions of Plaintiff's impairments, AR 88, 92, however, the Commissioner found that the disability onset date was December 1, 2015, AR 97. Plaintiff sought reconsideration of that decision. *See* AR 15, 98-111. Upon reconsideration, the Commissioner found that Plaintiff was not disabled. AR 109.

Plaintiff requested a hearing before an Administrative Law Judge (ALJ) on January 5, 2017. AR 15. The ALJ held a hearing on April 5, 2018. At the hearing, Plaintiff amended his alleged disability onset date from April 7, 2009 to June 17, 2010, the day before his sixtieth birthday. AR 15. On September 6, 2018, the ALJ issued a decision denying Plaintiff's claim for benefits. AR 15-23. Plaintiff requested review of the hearing decision, which the Appeals Council denied in October 2019. AR 6-8. Accordingly, the ALJ's decision became the final decision of the agency. Plaintiff seeks judicial review of the agency's final decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in

> significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act (Act) through March 31, 2016, and proceeded to the sequential analysis. AR 17. At step one, the ALJ found that, although Plaintiff had briefly attempted to work in 2011, Plaintiff had not engaged in substantial gainful activity "from his alleged onset date of April 7, 2009 through his date last insured of March 31, 2016. *Id.*[2] At step two, the ALJ determined that Plaintiff suffered

---

[2] Although the ALJ referenced Plaintiff's alleged onset date as April 7, 2009, as explained earlier, Plaintiff amended his alleged onset date to June 17, 2010 at the hearing.

medically determinable impairments of diabetes, status post total right hip replacement, and status post bilateral carpal tunnel release. AR 18. The ALJ, however, found that Plaintiff had no severe impairments. *Id.*

In reaching the step two decision, the ALJ discounted Plaintiff's subjective symptom testimony. AR 19-20. The ALJ rejected some of Plaintiff's symptom testimony because "[t]here are no [mental health] treatment records during the relevant period." AR 20. The ALJ also discounted Plaintiff's symptom testimony because the ALJ found that Plaintiff's testimony was not consistent with objective medical evidence and that Plaintiff had made statements that conflicted with his testimony. *Id*.

The ALJ also gave little weight to the opinions of both a reviewing state-agency physician and an examining physician who opined that Plaintiff was "limited to less than the full range of light exertional work." AR 21. Similarly, the ALJ gave little weight to the opinion of a reviewing state-agency psychologist who opined that Plaintiff had "severe mental impairments." AR 22. The ALJ assigned slightly more weight to the opinions of two state-agency medical experts who reviewed Plaintiff's records on reconsideration and, while not stating that Plaintiff did not have a severe impairment, found the medical evidence insufficient to find that Plaintiff was disabled. AR 21-22. Ultimately, the ALJ, disagreeing with most of the medical experts and Plaintiff, concluded that "the evidence received at the hearing . . . including [Plaintiff's] sworn testimony, is sufficient to rate [Plaintiff's] function and this level of functioning does not arise to the level of any 'severe' impairment." AR 21. Accordingly, based on the step two findings, the ALJ found that Plaintiff was not disabled. AR 23.

## DISCUSSION

Plaintiff argues that the ALJ failed to develop the record, improperly evaluated the opinion testimony, and improperly discounted Plaintiff's subjective symptom testimony. Plaintiff

requests that the Court credit as true the allegedly improperly discounted testimony and remand for an immediate award of benefits. The Commissioner concedes that the ALJ erred in evaluating Plaintiff's impairments at step two, weighing the opinion evidence, and evaluating Plaintiff's symptom testimony. Commissioner does not agree, however, that the ALJ failed to develop the record. Similarly, the Commissioner argues that remand for benefits is inappropriate and that the Court should instead remand for further proceedings. Thus, the only issues before the Court are (1) whether the ALJ failed to develop the record; and (2) whether to remand for benefits or further proceedings. The Court addresses each in turn.

**A. Development of the Record**

Plaintiff argues that the ALJ failed to develop the record because the ALJ did not obtain all of Plaintiff's medical records. Plaintiff reported to the Commissioner that Plaintiff was treated by Nurse Practitioner Kelly Bell from March 2003 through November 2014 for pain and post-traumatic stress disorder (PTSD). AR 213. Plaintiff provided an address for Nurse Bell's office in Vancouver, Washington. *Id.* During Plaintiff's hearing, Plaintiff testified—and Plaintiff's counsel reported to the ALJ—that he was unable to obtain records from Nurse Bell because her office had permanently closed. AR 43. The Commissioner also made an unsuccessful attempt to procure the records from Nurse Bell using the contact information provided by Plaintiff. AR 289. The ALJ's opinion does not mention Nurse Bell. Plaintiff's opening brief cites a local newspaper article reporting that Nurse Bell closed her clinic and surrendered her advanced registered nurse practitioner license in April 2015.

An ALJ has "a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel." *Celeya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)); *see also Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014).

"An ALJ's duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

"The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). That occurred in this case, and, therefore, further development of the record was required. The Commissioner, after previously finding Plaintiff disabled, found on reconsideration that there was insufficient evidence on which to conclude Plaintiff was disabled. AR 107-08. The ALJ noted, "[t]here are no treatment records during the relevant period" for Plaintiff's PTSD. AR 20. Moreover, the medical expert opinion testimony that the ALJ afforded the most weight was testimony finding that "longitudinal evidence is *insufficient* to rate the claimant's functioning prior to the claimant's remote date last insured." AR 21 (emphasis added).

Although further development of the record was needed, the ALJ did not err by failing to request the records from Nurse Bell. Any request for Nurse Bell's records by the ALJ would have been futile. Neither Plaintiff nor Plaintiff's counsel knew an address or contact information for Nurse Bell aside from Nurse Bell's invalid address. The Commissioner had already unsuccessfully sought to obtain the records. The ALJ did not err by failing to send yet another certain-to-be-unanswered request for Nurse Bell's records. *See Edwards v. Comm'r of Social Sec.*, 2018 WL 3319128, at *3 (E.D. Mich. June 19, 2018) (ALJ did not err in failing to request medical records when the plaintiff's counsel had made unsuccessful efforts to obtain records and no address or other contact information for the records' custodian could be located); *see also*

*Greenway v. Astrue*, 353 F. App'x 88, 89 (9th Cir. 2009) (ALJ fulfilled his duty to develop the record where "ALJ made independent (if unsuccessful) efforts to locate additional medical records"); *Hill Ogletree v. Saul*, 2020 WL 3171354, at *11 (S.D.N.Y. June 15, 2020) (same).

Because the ALJ could not obtain Nurse Bell's records, the ALJ should have further developed the record with testimony from a reviewing medical expert. When "the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor." *DeLorme v. Sullivan*, 913 F.2d 841, 848 (9th Cir. 1991). Here, there are no treating records from Plaintiff's alleged onset date of June 17, 2010 through early 2015 and the ALJ even credited expert medical opinion describing evidence of Plaintiff's functioning during the alleged disability period as "insufficient." AR 21. Moreover, the Commissioner concedes that a longitudinal overview of "the nature, severity and limiting effects of the claimant's medically determinable physical impairments throughout the period at issue" by a medical expert is necessary. ECF 14 at 2. Accordingly, on remand, the ALJ should call upon the services of a reviewing medical expert to further develop the record concerning Plaintiff's limitations throughout the alleged period of disability.[3]

---

[3] Plaintiff argues that additional medical expert testimony is unnecessary and further development of the record in this manner is unwarranted. Plaintiff contends that crediting existing medical expert opinions as true compels the conclusion that Plaintiff is disabled, and the Court should remand to the ALJ with instructions to award Plaintiff DIB. As explained below, however, the Court disagrees with Plaintiff that a remand for award of benefits is appropriate in this case. Accordingly, the Court agrees with the Commissioner that further development of the record with additional medical expert opinion is necessary.

### B. Type of Remand

#### 1. Standards

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massarini*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that the ALJ improperly rejected to determine whether a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The Court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true just because the ALJ made a legal error. *Id.* at 408.

### 2. Application

The Commissioner concedes harmful legal error, so the first element in the credit-as-true test is met in this case. In considering the remaining elements, the Court first considers the ALJ's conceded error at step two and then considers whether ambiguities and gaps remain beyond step two, particularly with the onset date of Plaintiff's alleged disability.

#### a. Severe, Medically Determinable Impairments

The Court finds that the record is free of conflicts and ambiguities that at step two of the sequential analysis Plaintiff has several severe, medically determinable impairments. An impairment is medially determinable when it is diagnosed by an acceptable medical source and confirmed by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. A medically determinable impairment is severe if it impairs a plaintiff's ability to do basic work activities, including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[u]nderstanding, carrying out, and remembering simple instructions"; "[u]se of judgment"; "[r]esponding appropriately to supervision, co-workers and usually work situations"; and "[d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1522.

The step-two analysis is merely "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is usually found to be severe unless "the evidence establishes [that the impairment is nothing more than] a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb*, 433 F.3d at 686 (quoting *Smolen*, 80 F.3d at 1290). Conversely, the Ninth Circuit has held that a plaintiff has no severe impairments where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results." *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005).

Given that step two represents a *de minimis* screening standard, the Court has no trouble concluding that the record is free of conflicts and ambiguities that Plaintiff has severe impairments. Thus, the improperly discounted testimony by the medical experts that Plaintiff has severe impairments should be credited as true.

Medical records reveal that Plaintiff was first diagnosed with chronic lumbosacral strain in 1985. AR 475. Dr. Nolan, an examining physician, found that Plaintiff had chronic back, hip, should and knee pain; a right elbow injury; and peripheral neuropathy. AR 1168. Indeed, Dr. Nolan's notes document that Plaintiff's right hip joint was "destroyed." *Id.* Dr. Brown, a reviewing state-agency physician, gave great weight to Dr. Nolan's findings and found that Plaintiff was limited to light exertion. AR 95. Dr. Brown found that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, and stand or sit for about six hours. AR 91. Plaintiff, Dr. Brown found, had limited ability to push and pull and had occasional limitations climbing ramps and stairs, climbing lappers, ropes, and scaffolds, stooping, kneeling, crouching, and crawling. AR 91-92. These limitations resemble the physical limitations the Commissioner's regulations classify as severe. *See* 20 C.F.R. § 404.1522.

Similarly, Dr. Cole, an examining psychologist, diagnosed Plaintiff with PTSD with dissociative symptoms, persistent somatic symptom disorder with predominant pain, and severe major depressive disorder. AR 1154. Dr. Lewy, a reviewing state-agency psychologist, found that Plaintiff had "severe" mental health impairments, causing moderate limitations in concentration, persistence, and pace and social functioning. AR 93-94. These limitations resemble the mental limitations that the Commissioner's regulations classify as severe. *See* 20 C.F.R. § 404.1522.

No medical expert opinion conflicts with these findings. The agency reviewing doctors on reconsideration did not conclude that Plaintiff did not have any severe impairments. Those doctors instead concluded that the records were insufficient to determine disability. The ALJ found that Plaintiff's own testimony conflicted with his reports of severe impairments. The ALJ noted that in 2011 Plaintiff briefly worked a job that required him to lift toilets, undermining Plaintiff's complaints of back pain. AR 20. Plaintiff testified, however, that he was let go from that job because his impairments rendered him unable to do the required lifting. AR 40. Far from undermining Plaintiff's pain testimony, then, Plaintiff's testimony confirms that he had physical limitations related to his back pain.

Moreover, the Commissioner's own brief implies that Plaintiff has severe impairments. The Commissioner argues that determining Plaintiff's "functional capacity" and "functional limitations" is fraught with ambiguities and conflicts. *Id.* at 7-8. In the sequential analysis, however, a determination of the plaintiff's residual functioning capacity is necessary only *after* finding that the plaintiff has severe impairments.

Thus, the Court finds that the record is clear that Plaintiff has severe impairments relating to his back pain, hip pain, PTSD, and severe major depressive disorder. On remand, the ALJ should credit as true Dr. Nolan's, Dr. Brown's, Dr. Cole's, and Dr. Lewy's opinions, at least to determine Plaintiff's severe impairments. The Court expects that crediting these medical experts' opinions will result in a finding that Plaintiff has severe impairments related to his back pain, hip pain, PTSD, and severe major depressive disorder. The ALJ may find additional impairments.

### b. The Record Contains Gaps, Inconsistencies, and Ambiguities

The Court finds that gaps, conflicts, and ambiguities exist in the record as to what limitations are caused by Plaintiff's severe impairments and, most importantly, the onset date of those limitations. The Court cannot remand for an award of benefits when the record as a whole

PAGE 13 – OPINION AND ORDER

contains gaps, conflicts, or ambiguities or that further proceedings would serve a useful purpose. *Dominguez*, 808 F.3d at 407. Inconsistencies between the opinions of different medical experts can preclude a finding that the record is fully developed. *Id.* at 409 (finding that further proceedings were necessary when the treating physician's opinions were inconsistent with the reports of other physicians). Similarly, the record is not fully developed if it contains significant evidentiary gaps. *See Schroeder v. Colvin*, 2016 WL 4157205, at *3 (D. Or. Aug. 2, 2016) (finding that the record was not fully developed when the record contained limited medical evidence about the plaintiff's ability to ambulate).

  Here, the record teems with gaps, inconsistencies, and ambiguities. The record contains several conflicts, most notably about the onset date of Plaintiff's disability. For example, Dr. Brown first opined that Plaintiff had been limited to sedentary work since at least April 7, 2009. AR 79-80. Dr. Brown later changed his opinion, finding instead that there was insufficient evidence to determine Plaintiff's limitation through November 30, 2015, and that Plaintiff was limited to light work from December 1, 2015. AR 95, 97. Similarly, Dr. Lewy first opined that Plaintiff had moderate limitations that render him capable only of "completion of basic and familiar detailed tasks with occasional need to coordinate with others," and "routine contacts with the public, coworkers, and supervisors," as of April 7, 2009. AR 77-78. Dr. Lewy, however, also amended his opinion, instead concluding that there was insufficient evidence of Plaintiff's mental limitations before February 1, 2015. AR 88. Meanwhile, Plaintiff claims an onset date of June 17, 2010. AR 15. Thus, there is significant conflict about the onset date of Plaintiff's potential disability.

  Gaps in the record exacerbate that conflict. The few medical records available for review are from either the mid-1980s, when Plaintiff was treated for a back injury he sustained during a

PAGE 14 – OPINION AND ORDER

robbery at his workplace, *See* AR 328-1075 (records of Plaintiff's 1980s workers compensation claim), or from 2015, when Plaintiff filed his application, *see, e.g.*, AR 1119-48 (July 2015 records from Tillamook Medical Group); AR 1149-56 (October 2015 report from Dr. Cole); AR 1157-1164 (December 2015 through January 2016 progress notes); AR 1165-69 (January 2015 records from Dr. Nolan); AR 1170-81 (June 2016 through September 2016 treatment records from The Orthopedic and Sports Medicine Center of Oregon). This is a significant gap in evidence relating to a time where Plaintiff claims to have been disabled. If nothing else, as discussed above, the lack of records during the relevant time require remand to the ALJ to further develop the record regarding the onset date of Plaintiff's disability. Plaintiff argues that the record is nevertheless complete because the evidence that could fill this gap—Nurse Bell's records—are unavailable. That Nurse Bell's records are unavailable, however, does not eliminate the gap created by the records' absence.

Finally, the record contains ambiguities. Although the Court believes the record contains strong evidence that Plaintiff was disabled at least from December 1, 2015, and has accordingly focused on conflicts and gaps in the records about the onset date of Plaintiff's disability, the Court notes that state-agency reviewers found insufficient evidence of *any* disability. AR 106, 108. This represents a significant ambiguity in the record as to the limitations caused by Plaintiff's severe impairments.

Plaintiff argues that these gaps, ambiguities, and inconsistencies are irrelevant because crediting even the least restrictive limitations assessed to Plaintiff compels the conclusion that Plaintiff is disabled. Plaintiff's argument relies on the Commissioner's Medical-Vocational Guidelines (the Grids), which the ALJ must consult at step five to determine whether the Plaintiff is disabled. *Lounsburry v. Barnhart*, 468 F.3d 1111,1114-15 (9th Cir. 2006). As relevant

here, the Grids provide that a plaintiff of advanced age with a high school education whose previous work experience was skilled or semiskilled but does not provide for transferable skills is presumably disabled. 20 C.F.R. Part 404, Subpart P, App'x 2, § 202.06. The Grids also explain that, when a plaintiff is "approaching retirement age (age 60 or older), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." *Id.* § 202.00(f). Thus, Plaintiff argues, because Plaintiff was of advanced age and had no transferable skills, crediting Dr. Brown's opinion that Plaintiff can perform light work and Dr. Lewy's opinion that Plaintiff has severe mental impairments, as well Plaintiff's pain testimony results in the conclusion that Plaintiff is disabled under the Grids.

Plaintiff's argument fails for at least two reasons. First, crediting the opinions of Dr. Brown and Dr. Lewy does not establish that Plaintiff was disabled as of his alleged disability date of June 18, 2010. Dr. Brown's least restrictive opinion is that Plaintiff was limited to light work as of December 1, 2015. AR 95, 97. Dr. Lewy's least restrictive opinion is that Plaintiff had severe mental impairments as of February 1, 2015. AR 88. Even if uncontroverted—and, again, on reconsideration, two state-agency experts found insufficient evidence to support a finding of *any* disability, AR 106, 108—those opinions cannot establish that Plaintiff was disabled in 2010.

Plaintiff asks the Court to credit his own testimony to establish disability as of June 18, 2010. That request, however, reveals the second problem with Plaintiff's argument: it ignores the Ninth Circuit's instruction that a district court "assess whether there are outstanding issues requiring resolution *before* considering whether" to credit testimony as true. *See Treichler*, 775 F.3d at 1105 (emphasis in original). There are gaps, conflicts, and ambiguities about the onset date of Plaintiff's disability, the Court cannot override those conflicts by crediting Plaintiff's

PAGE 16 – OPINION AND ORDER

testimony. *See Schroeder*, 2016 WL 4157205 at *4 (declining to credit as true a medical expert opinion that, if credited, compelled the conclusion that Plaintiff was disabled because of inconsistencies between various medical expert opinions and gaps in the record).

Because the Court finds that the record contains gaps, inconsistencies, and ambiguities, especially as to the onset date of Plaintiff's disability, the Court need not determine whether, if the improperly rejected testimony were credited as true, the ALJ would be required to find that Plaintiff is disabled. The Court declines to remand for award of benefits and instead remands for further proceedings.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff was not disabled and REMANDS for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge